**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
        Plaintiff,    CRIMINAL NO. **21-cr-20405**
                                          HON. **Matthew Leitman**
                                          **United States District Judge EDMI**
       v.

NOE GARZA,
        Defendant.

---

| **Charles Longstreet II (P68205)** | **Jules DePorre** |
|---|---|
| LONGSTREET LAW PLLC | Assistant United States Attorney |
| Attorney for Noe Garza | United States Department of Justice |
| 18971 Livernois | 600 Church Street |
| Detroit, Michigan 48075 | Flint, Michigan 48502 |

---

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

In Compliance with Local Rule 7.1(2)(a) there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sough.

NOW COMES the Defendant, NOE GARZA ("Defendant GARZA"), by and through standby-by counsel, CHARLES LONGSTREET, II, and moves this Honorable Court to Suppress all physical evidence seized by the police incident to his unlawful arrest. This motion is based on the Fourth Amendment of the United States Constitution. In support of said Motion, Defendant states the following:

    In support of said Motion, standby counsel further states as follows:

1. Defendant Garza was arrested on November 26th, 2020 for retail fraud.

2. On November 26th, 2020 at approximately 9:15am, Officer Fisher and Sergeant Johnson of the Metro Police Authority of Genesee County were at a Meijer grocery store located on Hall Road to discuss an unrelated matter with the store's Asset Protection Team Lead, Jodi Montpas ("Montpas").

3. While at the store, Montpas was notified by another employee that someone in the store was concealing merchandise.

4. Montpas met with a store detective, Adam Stokes ("Stokes") and indicated that there was a man in the men's department that she had received a call about.

5. Stokes located the man and observed his movements within the store.

6. Stokes indicated to Montpas that he did not have a visual of the man concealing or selecting items.

7. Stokes asked a fellow employee, Jason Alden ("Alden") for assistance and Alden approached the suspect to ask if they needed assistance.

8. The suspect removed two items from their backpack and gave them to Alden before heading to the general exit.

9. Sgt. Johnson was advised the suspect entered a white Pontiac Grand Prix in the parking lot.

10. As Sgt. Johnson made his way to the suspect vehicle, Montpas indicated that the employees did not observe concealment of stolen items.

11. At approximately 9:30am on November 26th, 2020, Sgt. Johnson and Officer Fisher approached the vehicle which was occupied by two male subjects and took them into custody.

12. The man in the driver's seat was later identified as Defendant Garza while the passenger was later identified as the man suspected of concealing merchandise.

13. Defendant Garza was at no time observed within the Meijer store.

14. During a search of the Defendant Garza, incident to his arrest, Officer Fisher located 17 Suboxone doses and $810 in Defendant Garza's pocket.

15. Defendant Garza was then placed in the back seat of Officer Fisher's patrol car.

16. Sgt. Johnson and Officer Fisher did not have probable cause to arrest Defendant Garza for retail fraud as he had not been observed selecting or concealing merchandise, nor had the passenger of his vehicle been observed selecting or concealing merchandise.

17. Officer Fisher returned to the vehicle and conducted an inventory/probable cause search, observing and seizing several items.

18. The Fourth Amendment provides "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV.

19. A custodial arrest of a suspect based on probable case is considered a reasonable intrusion under the Fourth Amendment. *United States v. Robson*, 414 U.S. 218, 235 (1973).

20. A lawful arrest establishes authority to search incident to that custodial arrest, creating "an exception to the warrant requirement of the Fourth Amendment." *Id.*

21. While a warrantless search is "without limits, permissible if incident to a lawful arrest, if an arrest without a warrant is to support an incidental search, it must be made with probable cause." *Henry v. United States*, 361 U.S. 98, 102 (1959).

22. For an arrest to be constitutionally valid, officers must have probable cause, based on facts and circumstances within their knowledge, that would be sufficient to warrant a prudent person to believe that am individual had committed or was committing a crime. *Brinegar v. United States*, 338 U.S. 160, 175—176 (1879); *Henry v. United States*, 361 U.S. 98, 102 (1959).

23. To determine whether an officer has probable cause to arrest an individual, courts "examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (internal citations omitted).

24. The probability of criminal activity is assessed under a reasonableness standard based on "an examination of all facts and circumstances within an officer's knowledge at the time of an arrest." *Estate of Dietrich v. Burrows,* 167 F.3d 1007, 1012 (6th Cir.1999); *see also Hunter v. Bryant,* 502 U.S. 224, 228 (1991).

25. It is well established that an arrest made without probable cause is in violation of the Fourth Amendment. See *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975).

26. Police did not have probable cause to believe that Defendant Garza was engaged in criminal activity at the time of his arrest and therefore his arrest was in violation of the Fourth Amendment. Without a lawful arrest, there is no basis for

4

a search incident to arrest and any evidence seized in incident to said unlawful arrest should be suppressed.

WHEREFORE, Defendant GARZA respectfully requests that this Court suppress all physical evidence seized as a result of Defendant's unlawful arrest.

Respectfully Submitted,

                              LONGSTREET LAW FIRM

                              /s/ Charles Longstreet II_____
                              Charles O. Longstreet II (P68205)
                              18971 Livernois
                              Detroit, Michigan 48221
                              (313) 288-0103
                              Longstreetlawfirm@Hotmail.com

Dated: 9/7/21

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
           Plaintiff,           CRIMINAL NO.
                                      HONORABLE
      v.

NOE GARZA,
           Defendant.
_____/

**DEFENDANT GARZA'S BRIEF IN SUPPORT**
**OF MOTION TO SUPPRESS PHYSICAL EVIDENCE**

This Brief is filed pursuant to the Fourth Amendment and is submitted by Defendant NOE GARZA ("Defendant GARZA"), by and through counsel, CHARLES LONGSTREET, II, in support of his Motion to Suppress Physical Evidence.

The Fourth Amendment of the United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. It is long recognized that the purpose of the Fourth Amendment is to "safeguard the privacy and security of individuals against arbitrary invasions by government officials." *Taylor v. City of Saginaw*, 922 F.3d 328, 332 (6th Cir. 2019).The Supreme Court has held that a warrantless search or seizure is presumptively unreasonable, "subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). A search incident to arrest is one such exception, however, it has long been held that a for a search to be constitutional it must be incident to a valid, lawful arrest. See *Carroll v. United States*, 267 U.S. 132, 158 (1924), *Gerstein v. Pugh*, 420 U.S. 103, 113–114 (1975).

6

For an arrest to be constitutionally valid, and thus lawful, officers must have probable cause, based on facts and circumstances within their knowledge, that would be sufficient for a a prudent person to believe that an individual had committed or was committing a crime. See *Brinegar v. United States*, 338 U.S. 160, 175—176 (1949), *Henry v. United States*, 361 U.S. 98, 102 (1959).  When determining whether an officer has probable cause to arrest an individual, courts "examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). While establishing probable cause does not demand a 'prima facie' showing of criminal activity, *Criss v. City of Kent,* 867 F.2d 259, 262 (6th Cir.1988), it does necessitate more than the reasonable suspicion required for a *Terry* stop. See *Gardenshire v. Schubert*, 205 F.3d 303, 317 (6th Cir.2000).

In the matter at hand, Defendant GARZA's constitutional rights were discarded when the officers arrested him without probable cause. He was subject to an unlawful arrest and, incidental to that arrest, an unreasonable search and seizure. Given the circumstances and events leading up to the arrest, no reasonable person would have believed that he was engaging in criminal activity and as such the physical evidence seized incident to his arrest should be supressed.

I. <u>THE EVIDENCE SHOULD BE SUPRESSED BECAUSE THE OFFICERS DID NOT HAVE PROBABLE CAUSE TO BELIEVE THAT DEFENDANT GARZA WAS ENGAGED IN CRIMINAL ACTIVITY</u>

The probability of criminal activity is assessed under a reasonableness standard based on "an examination of all facts and circumstances within an officer's knowledge at the time of an arrest." *Estate of Dietrich v. Burrows,* 167 F.3d 1007, 1012 (6th Cir.1999); *see also Hunter v. Bryant,* 502 U.S. 224, 228 (1991). It is not necessary that an officer

7

provide evidence sufficient to establish guilt, however an officer's good faith alone is not enough to establish probable cause. *Brinegar* at 169. Instead, probable cause exists "if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Henry* at 102 citing *Carroll v. United States*, 267 U.S. 132, 156 (1925). In the case at hand, the facts and circumstances known to Sgt. Johnson and Officer Fisher would not warrant a prudent person to believe that Defendant Garza had been committing any crime, let along retail fraud. Defendant Garza had not even entered the Meijer and was simply sitting in his vehicle in the parking lot. He was not engaged in any strange or suspicious activity that would cause a reasonable person to suspect that criminal activity was afoot.

In fact, the only reason police had become aware of Defendant Garza was because of the man in the passenger seat of his vehicle. Based on the events and circumstances, however, officers also did not have sufficient probable to cause to arrest the passenger in Defendant Garza's vehicle. Stokes, the store detective who was watching the passenger's behaviour while inside of Meijer indicated to his supervisor, Montpas, that he did not observe the passenger select or conceal any merchandise, though the passenger did hand two items to the store director, Alden when approached. This fact was again relayed to Sgt. Johnson before he approached Defendant Garza in his vehicle, when Montpas confirmed that the employees had not witnessed any concealment of merchandise. As such, there was no probable cause to believe that the passenger had committed a crime and therefore any arrest made of either passenger in the vehicle was an inexcusable violation of their Fourth Amendment rights.

8

While reasonable suspicion may be sufficient for a *Terry* stop, "common rumor or report, suspicion, or even strong reason to suspect [is] not adequate to support a warrant for arrest" *Henry* at 101 (internal citations omitted), and certainly does not suffice for warrantless arrest. The Sixth Circuit has held that "mere allegation [of criminal behavior], while possibly justifying a brief investigatory detention, is insufficient by itself to establish probable cause that a crime had been committed." *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 305 (6th Cir.2005).

The officers in the instant case did not merely conduct a brief investigatory detention, but instead arrested Defendant Garza and placed him into custody solely on the allegation that a passenger in his vehicle may have stolen items, without any visual confirmation of the passenger's selection or concealment. Absent any further investigation or independent information, the mere suspicion of concealment alone is insufficient to establish probable cause of any crime being committed by any party. Further, this allegation was unrelated to the Defendant and failed to produce even an inkling of probable cause that Defendant Garza himself was in any way involved in the commission of any crime. It is well established that an arrest made without probable cause is in violation of the Fourth Amendment. See *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). Because the officers lacked any probable cause to believe that he had been engaging in any criminal activity, Defendant's Garza's arrest was an unacceptable and unlawful seizure in direct violation of the constitutional rights afforded to him under the Fourth Amendment.

## II. THE EVIDENCE SHOULD BE SUPPRESSED BECAUSE IT WAS SEIZED INCIDENT TO AN UNLAWFUL ARREST IN VIOLATION OF THE FOURTH AMENDMENT

While a warrantless search is "without limits, permissible if incident to a lawful arrest, if an arrest without a warrant is to support an incidental search, it must be made with probable cause." *Henry v. United States*, 361 U.S. 98, 102 (1959). A lawful arrest establishes authority to search incident to that custodial arrest, creating "an exception to the warrant requirement of the Fourth Amendment." *United States v. Robson*, 414 U.S. 218, 235 (1973). The Supreme Court has held that "it is the fact of the lawful arrest which establishes the authority to search." *Id.*

In the case at hand, because the Sgt. Johnson and Officer Fisher lacked probable cause to legally arrest Defendant Garza in the first place, the subsequent search and seizure of items within his vehicle incident to the invalid and illegal arrest are similarly unlawful and in violation of Defendant Garza's Fourth Amendment rights. Under the exclusionary rule, prosecutors are barred from introducing any evidence obtained in violation of the Fourth Amendment where barring such evidence would advance this Amendment's purpose. *Davis v. United States*, 564 U.S. 229 (2011). Upholding a search and seizure incident to an unlawful arrest goes in direct contravention of the protective purpose of the Fourth Amendment. Allowing permitting law enforcement to make arbitrary and illegal arrests without probable case, and subsequently conduct equally arbitrary and illegal searches incident to an invalid arrest invades the privacy and security of individuals that the Fourth Amendment was designed to protect.

WHEREFORE, Defendant GARZA respectfully requests that this Court Suppress the Evidence seized incident to an unlawful arrest lacking probable cause.

                                  Respectfully Submitted,

                                  LONGSTREET LAW FIRM

                                  /s/ Charles Longstreet II
                                  Charles O. Longstreet II (P68205)
                                   18971 Livernois
                                   Detroit, Michigan 48221
                                   (313) 288-0103
                                  Longstreetlawfirm@Hotmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
            Plaintiff,         CRIMINAL NO.
                                  HONORABLE
    v.

NOE GARZA,
            Defendant.
_____/

## **CERTIFICATION**

      I hereby certify that the forgoing papers were electronically filed this date September 7, 2021, served electronically or by mail to the following:

**AUSA JULES DEPORRE**
United States Attorneys Office
600 Church Street
Flint, MI 48058
jonathan.tukel@usdoj.gov


                                        LONGSTREET LAW FIRM

                                        /s/ Charles Longstreet II_____
                                       Charles O. Longstreet II (P68205)
                                         18971 Livernois
                                         Detroit, Michigan 48221
                                         (313) 288-0103
                                    Longstreetlawfirm@Hotmail.com

13