UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-cr-20405 |
| Plaintiff, | Hon. Matthew F. Leitman<br>United States District Judge |
| v. | |
| NOE GARZA, | |
| Defendant. | |

**The United States of America's Sentencing Memorandum**

A jury convicted Noe Garza of being a felon in possession of a firearm (count one), possession of a firearm with an obliterated serial number (count two), and possession with intent to distribute suboxone (count three). (Verdict Form, ECF No. 52, PageID.346). Garza is before the Court for sentencing. The probation department correctly calculated his sentencing guideline range as 140 to 175 months. (PSR ¶ 77). The United States recommends that a substantial custodial sentence is necessary based on all of the factors in 18 U.S.C. § 3553(a), especially the need deter future crimes by Garza and to protect the public.

The probation department properly determined Garza's offense level as 28 and his criminal history category as VI. (PSR ¶ 77). This results in a guideline range of 140-175 months. (*Id.*). Garza has objected to the offense level and has specifically contested the four-level enhancement for possessing a gun with an

1

obliterated serial number. (Presentence Report Addendum, ECF No. 55, PageID.425). The Court should overrule Garza's objection.

USSG § 2K2.1(b)(4)(B) applies a four-level enhancement if the defendant's offense involved a "firearm with an altered or obliterated serial number." (*Id.*). The trial exhibits below depict Garza's pistol and show that the serial number had been altered to the point that it was not legible to the naked eye.





Garza's only argument against the enhancement is that it "stems from uncharged conduct not associated with any fact litigated at trial…." (*Id*.). Garza is simply wrong in claiming that the obliterated serial number was uncharged conduct. The jury convicted Garza in count two of the superseding indictment for knowingly possessing a firearm with an obliterated serial number. (Verdict Form, ECF No. 52, PageID.347). And even if the conduct was uncharged—or even if Garza was acquitted of the conduct—the enhancement would still apply because it is supported by a preponderance of evidence. *See* USSG § 1B1.3; *United States v. Watts*, 519 U.S. 148, 156 (1997) ("We … hold that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the

acquitted charge, so long as that conduct has been proved by a preponderance of the evidence.). The Court should overrule Garza's objection, adopt the PSR as written, and determine the guideline range to be 140 to 175 months.

In determining Garza's sentence, the Court should consider the guideline range along with all of the factors of 18 U.S.C. § 3553(a). The guidelines and sentencing factors all support a substantial custodial sentence.

First, the nature and circumstances of Garza's offense are serious. Garza was arrested while possessing drugs he intended to sell and a 9mm pistol with an obliterated serial number. The morning of his arrest, Garza sold heroin at a house in Flint and then took his customer and another man to Meijer to steal merchandise to pay for drugs. Before he went to Meijer, Garza put the pistol in the engine compartment of his car. When police interviewed Garza, he denied possessing the gun, and he has never accepted responsibility for his crime.

About a week prior to Garza's arrest at Meijer, he was arrested at a hotel in Burton, Michigan with a .38 caliber pistol and distribution-amounts of methamphetamine, fentanyl, and LSD. (Complaint, ECF No. 1, PageID.4; Burton Police Report, Gov't Tr. Br. Ex. 2, ECF No. 41-2, PageID.283). Garza's repeated crimes involving guns and drug trafficking make his offense more serious.

Second, Garza's history and characteristics are troubling. Garza is a 37-year-old man with a lengthy criminal history involving convictions for assaults (PSR ¶

4

34, 37), illegally shooting a firearm (PSR ¶ 35), and drug dealing (PSR ¶ 36, and 39). In 2015 Garza pleaded guilty to having guns and selling drugs, and he served more than three years in prison. (PSR ¶ 39). He was released on parole in January 2018 and discharged from parole in September of 2019. While on parole, he was arrested and found to be in possession of 54.8 grams of methamphetamine, along with ten suboxone packets and heroin. (PSR ¶ 43). Because of the quantity of methamphetamine and because of Garza's prior conviction for delivery of morphine, he would have faced a federal sentence of at least ten years and up to life under 18 U.S.C. § 841(b)(1)(B)(viii). Garza pleaded guilty in state court to possession of methamphetamine and was sentenced to 120 days custody. Garza received a huge break, because he was convicted of possession of methamphetamine rather than possession with intent to deliver methamphetamine, and because his new offense inexplicably did not result in a parole violation.

In addition to Garza's convictions, he has troubling arrests for rape and assault with intent to do great bodily harm (PSR ¶ 54), domestic violence (PSR ¶¶ 52, 54 & 55) breaking and entering (PSR ¶ 49), burglaries (PSR ¶¶ 50 & 51), and dangerous drugs (PSR ¶¶ 56, 57, 58). Garza also has a long history of substance abuse (PSR ¶ 68), but he's had substance abuse treatment in the past and is not sure "if he would benefit from additional treatment." (PSR ¶ 69). And Garza has no verifiable employment history. (PSR ¶ 73). When Garza was arrested in November

2020 at the hotel in Burton and again at the Meijer parking lot, he told officers that he was unemployed. (Burton Police Report, Gov't Tr. Br. Ex. 1, ECF No. 41-2, PageID.284; Gov't Tr. Ex. 4B (Garza told the officer that he purchased his car with unemployment insurance money).

Garza has four children with three women. (PSR ¶ 62). Two of the mothers have lost custody of the children. (*Id.*). So tragically, those children cannot live with either of their parents. Garza owes around $24,000 in child support for his oldest child. (PSR ¶ 62).

Garza claims a strong relationship with his mother and three sisters (PSR ¶ 59 & 61). Garza's mother and sisters did not respond to multiple attempts by the Probation Department to contact them. (PSR ¶ 65). In a recorded jail call played at trial, he told a girlfriend that he trusted his mom and that she had his car, some money that was owed to him, and one of his "bangers." (Transcript of Jail Call, Gov't Tr. Br. Ex. 2, filed under seal, ECF No. 42, page 4). During the same jail call, Garza repeatedly spoke about engaging in violence against members of the Spanish Cobra street gang in Flint. (*Id.*).

Considering Garza's offense and his history and characteristics, a substantial custodial sentence is necessary to afford adequate deterrence, to protect the public, and to accomplish the other 3553(a) factors.

Deterrence is very important in this case. Garza has numerous prior offenses that indicate a clear track record of recidivism. Garza has failed to accept responsibility for his crimes, and he does not have an interest in drug or mental health treatment. (PSR ¶¶ 21, 66 & 69).

Garza committed this offense in his mid-thirties and is now 37-years old. He cannot claim that his crime was a youthful mistake, or that the natural process of maturing will transform him into a law-abiding citizen. Garza's prior three year sentence did not offer adequate deterrence. A substantial custodial sentence is necessary to deter Garza from committing future offense.

Garza's prior sentences also failed to protect the community from his repeated crimes. A longer substantial custodial sentence is necessary to do so. In November 2020, Garza was selling fentanyl, heroin, methamphetamine, LSD and suboxone. And he was doing it armed. His conduct put the public in danger. During a jail call, Garza also spoke engaging in violence against members of the Cobra street gang. Gang-related violence has taken a tragic human toll in Flint, and a substantial custodial sentence will ensure that Garza does not participate in gang-related violence while incarcerated.

Last, a substantial custodial sentence would avoid unwarranted disparities. Garza's offense level is 28 (based on guideline provision 2K2.1) and his criminal history category is VI—the highest category. According to statistics from the U.S.

Sentencing Commission's Judicial Sentencing Information website, during the last five fiscal years there were 44 defendants whose primary offense level guideline was 2K2.1 and who had the same offense level and criminal history category as Garza. The average (mean) sentence imposed for those 44 defendants was 120 months, and the median sentence was 120 months. USSC - JSIN (visited on March 14, 2023.) A 120-month sentence is the statutory maximum sentence for count 1, which is a 20-month downward variance from the bottom of the guideline range.

    Garza committed a serious crime and has a troubling background. His guideline range is 140 to 170 months. The government respectfully requests a significant custodial sentence.

Date: March 17, 2023

Respectfully submitted,

DAWN N. ISOM
United States Attorney

s/JULES M. DEPORRE
Jules M. DePorre
Assistant United States Attorney
600 Church Street
Flint, Michigan 48502-1280
Phone: 810-766-5177
Email: Jules.DePorre@usdoj.gov
P-73999

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2023, the foregoing document was electronically filed by an employee of the United States Attorney's Office with the Clerk of the Court using the ECF system which will send notification of such filing to all registered parties.

s/Jules DePorre
Assistant United States Attorney
