**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
    Plaintiff,

                            CRIMINAL NO.  21-20405
                            HONORABLE MATTHEW F. LEITMAN

    v.

NOE GARZA,
    Defendant.
_____/

## **DEFENDANT'S SENTENCING MEMORANDUM**

### *I.   INTRODUCTION*

Mr. Noe Garza was found guilty by a jury of one count of Felon in Possession of a firearm, possession of a firearm with an obliterated serial number and possession of a controlled substance. Mr. Garza a 37-year-old loving son, brother, and father of four, is now facing a maximum sentence of 25 years for what amounts to constructive possession of a firearm, not readily accessible, under the hood of a car with no evidence that Mr. Garza had malicious intent associated with the possession of this firearm.

Mr. Noe Garza accepts the punishment forthcoming. However, it is the posture of the defense that the punishment required by the sentencing guidelines is far disproportionate to the actual crime that was committed by Mr. Garza.

The government goes to great lengths to describe Mr. Garza as a gang-banging drug dealer who possessed a firearm, however, at the time Mr. Garza was in possession of the firearm he possessed no immediate danger to the public, he was not involved in any criminal activity at the time, and there was no showing Mr. Garza had any intent to use the firearm in any criminal activity. The evidence presented at trial was that Mr. Garza possessed a firearm underneath the hood of a car and the drugs he possessed he was using to treat his addiction to heroin.

Finally, Mr. Garza has no current gang affiliation and has renounced all ties to any street gangs or gang members.

During the trial, evidence was presented by the government of a phone call made by Mr. Garza to his girlfriend. The government used the call to attempt to show that not only was Mr. Garza in possession of a firearm but that it reflected the dangerous nature of his personality. Mr. Garza maintains that although the statements made were the best impression of himself, those words were only macho fluff intended to ease his girlfriend from fear of retribution from rival gang members not actual intent to commit a crime or have her commit crimes.

The anticipated sentencing guideline range as calculated by the United States Department of probation is 140-175 months however the defense believes the guideline range should be capped at 120 months. It is the posture of the defense that the guidelines, in this case, are unduly burdensome and unduly

punitive to the defendant and do not reflect the non-violent nature of the crime, and the lack of additional criminality associated with the possession of the firearm.

The defense is respectfully requesting a sentencing of *60 months*.

## I. PROCEDURAL FACTS

Mr. Garza was found guilty of Felon in possession of a firearm in violation of 18 U.S.C. 922(g). The court must impose a sentence pursuant to the 3553 sentencing factors.

The Probation department has prepared a pre-sentence investigation report. Their guideline calculation anticipates an advisory guideline range of 140- 175 months.

The Defense believes the proper guideline range is 120 month and that the nature of the offense and those factors enumerated in 18 U.S.C. §3553 supports sentencing of *not more than 60 months of imprisonment*

## II. SENTENCING FACTORS

In *United States v. Booker*, 125 S. Ct. 738, 764-65 (2005), the Supreme Court restored the district court's ability to fashion a sentence tailored to the individual circumstances of the case and the Defendant by requiring courts to consider factors

other than merely the sentencing range prescribed by the formerly mandatory guidelines.

The primary sentencing mandate of §3553(a) states that courts "*shall impose a sentence* sufficient, but *not greater than necessary*, to comply with the purposes set forth in [18 U.S.C. §3553(a)(2)]."

In addition to the guidelines, §3553(a) directs courts to consider the following factors in sentencing: (1) nature and circumstances of the offense and history and characteristics of the Defendant; (2) the need for the sentence to–(a) reflect the seriousness of the offense, promote respect for the law and provide just punishment; (b) protect the public; (c) afford deterrence; and (d) provide the Defendant educational or vocational training, medical care or other correctional treatment in the most effective manner; (3) kinds of sentences available; (4) need to avoid unwarranted sentence disparities among defendants with similar records and criminal conduct; and (5) need to provide restitution to victims. 18 U.S.C. §3553(a)(1)-(5). As the Supreme Court explained in its decision in Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 169 L.Ed. 2d 445 (2007), in applying these factors, a sentencing judge "must make an individualized assessment based on the facts presented" by the case, without giving presumptive weight to the Guideline sentencing range. In Booker and Gall, the Supreme Court recognized that the

experience of living in this world human lives, are usually multifaceted, and a person cannot fairly be judged based on only one aspect of his or her life.

### a. Nature and circumstances of the offense and history and characteristics of the Defendant.

Mr. Grza adopts PART C (Offender Characteristics) of the pre-sentence investigation report as it accurately reflects personal and family data, his physical condition, his mental and emotional health, his substance abuse history, his educational and vocation history, and employment and financial condition.

### b. The need for the sentence to–reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

The first of the statutory factors-that the sentence imposed should "reflect the seriousness of the offense, . . . promote respect for the law, and . . . provide just punishment for the offense.

The interest of the United States in sufficiently punishing Mr. Garza through incarceration can adequately be served by a sentence of no more than 60 months imprisonment. Mr. Garza is being sentenced for a nonviolent felony without any other evidence suggesting that Mr. Garza had violent or malicious intent while being in possession of the fire. Additional restrictions will come in the way of

supervised release. The combined custodial sentence and a period of supervised release satisfy the need for punishment in this case.

### c. Protect the public and afford deterrence

Mr. Garza appears before this Court for sentencing for a non-violent felony of being a felon in possession of a firearm. There is no indication based on the facts of the case that suggest that Mr. Garza used the firearm in any nefarious manner other than being in possession of the firearm unlawfully.

Mr. Garza has been incarcerated multiple times and wishes to remain free. He is significantly deterred from recidivism with no more than 60 months of incarceration. He understands that continued unlawful possession of a firearm will result in the continued loss of his freedom. Mr. Garza wishes to remain with his family and provide love, care, and financial stability for his family and children.

### d. Kinds of sentences available

In the wake of *Booker*, the Court is free to impose any kind of sentence that it deems appropriate.

### e. Provide Defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Mr. Garza lack of positive influence, economic opportunity, education, and vocational training is an of his life in which he seeks significant improvement. Mr. Garza would significantly benefit from the educational and vocational opportunities. Vocation and economic opportunity are as important a consideration as any other factor. Mr. Garza has an interest in commercial truck driving.

The Pew Charitable Trust recommends "Proactively reconnecting former inmates to the labor market through education and training, job search and placement support and follow-up services to help former inmates stay employed." Such investments have been shown to "help these individuals secure employment and break the cycle of crime." This Court's sentence should be no more than 60 months so that Mr. Garza can return to the workforce as quickly as possible, to financially support his children and participate lawfully in the local economy.

**f. The Need to Avoid Unwarranted Sentencing Disparity**

There are no co-defendants in this case. Given the non-violent nature of Mr. Garza's crime, a sentence no greater than 60 months imprisonment is reasonable. A sentence at the top of the applicable Guideline range is far greater than necessary to accomplish the purposes of §3553(a).

Wherefore, we respectfully request that the Court find that a sentence of no greater than 60 months imprisonment, combined with a period of supervised release is sufficient but not greater than necessary to accomplish the objects of sentencing in this case.

        Respectfully,

        **LONGSTREET LAW PLLC.**

By:  *Charles Longstreet* II
    Charles Longstreet II (p68205)
    18971 Livernois
    Detroit, Michigan 48221
    313-288-0103

### CERTIFICATE OF SERVICE

I Attorney Charles Longstreet II certify that on March 17, 2023 I caused a copy of this pleading to be served upon the Clerk of the Court sealed via e-file

      /s/ *Charles Longstreet* II

      Charles Longstreet II (P68205)