```
 1                      UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF MICHIGAN
 2                            SOUTHERN DIVISION

 3
        UNITED STATES OF AMERICA,
 4
                            Plaintiff,
 5      vs.                                  Case No. 21-20405
                                             Hon. Matthew F. Leitman
 6      NOE GARZA,

 7                          Defendant.
        _____/
 8
                          FINAL PRETRIAL CONFERENCE
 9
                   BEFORE THE HONORABLE MATTHEW F. LEITMAN
10                     United States District Judge
                   Theodore Levin United States Courthouse
11                     231 West Lafayette Boulevard
                         Detroit, Michigan  48226
12                     Wednesday, October 26, 2022

13      APPEARANCES:

14      For the Plaintiff          JULES M. DePORRE
        United States of America:  U.S. Attorney's Office - Flint
15                                 600 Church Street
                                   Flint, Michigan  48502
16                                 810-766-5177

17      For the Defendant          CHARLES O. LONGSTREET, II
        Noe Garza:                 Longstreet Law Firm PLLC
18                                 18971 Livernois
                                   Detroit, Michigan  48221
19                                 313-288-0103

20

21

22

23
               To obtain a certified copy of this transcript, contact:
24          Linda M. Cavanagh, CSR-0131, RPR, CRR, RMR, CRC, RDR
                          Official Court Reporter
25              (313) 234-2616 • www.transcriptorders.com
```

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

TABLE OF CONTENTS

Page

FINAL PRETRIAL CONFERENCE                                        3

EXHIBITS

| Identification | Offered | Received |
|---|---|---|
| NONE | | |

```
1          Detroit, Michigan
2          Wednesday, October 26, 2022
3                    _  _  _
4          (Proceedings commenced at 2:08 p.m., all parties
5          present)
6          THE CLERK:  All rise.  The United States District
7   Court for the Eastern District of Michigan is now in session,
8   the Honorable Matthew F. Leitman, United States District Judge,
9   presiding.  You may be seated.
10          The Court calls Case No. 21-20405, United States of
11  America versus Noe Garza.
12          Counsel, please state your appearances for the
13  record.
14          MR. DePORRE:  Good afternoon, Your Honor.  Jules
15  DePorre appearing on behalf of the United States.
16          THE COURT:  Good afternoon.  Welcome.
17          MR. LONGSTREET:  And good afternoon, Your Honor.  May
18  it please this Honorable Court, Charles Oliver Longstreet, II,
19  P 68205, appearing on behalf of Mr. Noe Garza who is seated to
20  my left.
21          THE COURT:  Good afternoon.  Welcome to both of you.
22  Okay.  Please be seated.
23          We are here this afternoon for the final pretrial
24  conference, and I have an agenda of matters that I would like
25  to discuss, and when I get through my agenda, I'd be pleased to
```

1    hear any additional items that you guys would like to take up.

2          The first thing that I would like to do is to have

3    the part of these proceedings that are called the *Lafler*

4    proceedings.  And Mr. Garza, what that means is I want to make

5    sure that we put on the record whether there was a plea offer

6    that was extended to you, what the terms of it were, that you

7    had an opportunity to discuss it with Mr. Longstreet and have

8    him answer any of your questions, and then make sure that you

9    understand what the possible exposure would be if you were

10   convicted at trial.

11         So Mr. DePorre, would you start by sharing with us

12   please whether there was any sort of plea offer extended by the

13   government?

14         MR. DePORRE:  Yes, Your Honor.  The government did

15   extend a plea offer in this case.  Under the most favorable

16   terms of the offer, the -- the defendant -- it called for a

17   plea of guilty to one count of being a felon in possession of

18   firearms and ammunition as alleged in Count 1 of the

19   indictment.  That offense contains a statutory maximum of ten

20   years.

21         The parties prepared a factual basis as part of the

22   agreement and also agreed on certain -- or the -- the proposal

23   required the parties to agree on certain guideline provisions

24   that they would apply in this case.

25         THE COURT:  Now, when you say that, I want to make

1    clear for the record, does that mean the proposal called for

2    the government and defense jointly to recommend guidelines

3    scoring to me or was this a (c)(1)(C) plea that locked in the

4    guidelines?

5              MR. DePORRE:  Thank you for clarifying.  This was a

6    (c)(1)(B) plea where the parties would jointly recommend that

7    the -- that certain provisions would apply.  Of course, the

8    Court would be there -- therefore free to make its own

9    determination of the guidelines.

10             THE COURT:  All right.  Linda, can you hear him okay

11   if he's standing?

12             THE COURT REPORTER:  Yes.  Maybe just move the mic a

13   little closer to you.

14             THE COURT:  Or you can sit, Mr. DePorre; you don't

15   need to stand.

16             MR. DePORRE:  Thank you.

17             THE COURT:  But just make sure that the mic is close

18   enough that Linda can hear you.

19             MR. DePORRE:  Thank you, Your Honor.

20             THE COURT:  Okay.  So can you share with me the

21   guidelines recommendation that you had proposed in the

22   agreement?

23             MR. DePORRE:  Certainly.  We -- we recommended that

24   certain provisions apply.  So we -- the agreement recommended

25   that the provision 2K2.1(b)(4)(B) applied, that the firearm had

```
1    an obliterated serial number, and 2K2.1(b)(6), that the
2    defendant possessed the firearm in connection with another
3    felony offense.
4            Under the agreement, the government recommended that
5    the defendant's sentence of imprisonment not exceed the
6    statutory maximum of 120 months, and that was due to the fact
7    that we prepared guidelines, guideline calculations which are
8    not part of the agreement but which represent the government's
9    best estimate of what the guidelines would be in this case.
10   And based on those calculations, with three points for
11   acceptance of responsibility, the government calculated the
12   defendant's guideline range for Count 1, a plea to Count 1 to
13   be 100 to 125 months.
14           THE COURT:  All right.  So just so -- I want to make
15   sure I understand this.  You're saying that under the Plea
16   Agreement, if he had pleaded along the lines that you had
17   offered, the government's view is under the terms of that
18   agreement, the guideline range would have ended up at 100 to
19   125?
20           MR. DePORRE:  That's correct.
21           THE COURT:  Okay.
22           MR. DePORRE:  And it would be capped -- because he
23   would only be pleading to one count, it would be capped at 120.
24           THE COURT:  Okay.  And can you explain to me how in
25   the government's view that differs from his exposure if there
```

1   is no Plea Agreement and he goes to trial as charged in the

2   indictment?

3           MR. DePORRE:  Yes, Your Honor.  If he goes to trial

4   as charged in the indictment, he faces the potential guideline

5   range of 130 to 162 months.  That's because he would not have

6   the three points reducing his offense level for acceptance of

7   responsibility, and he would be subjecting himself to multiple

8   counts which would allow the Court to impose a sentence that's

9   consecutive, and therefore 120 months would not be the -- the

10  cap of the guideline range.

11          THE COURT:  Okay.  So let me just ask a couple

12  questions to clarify.  So are you -- you -- I understand you to

13  be saying that if Mr. Garza goes to trial and is convicted on

14  all counts, the government's current assessment of his

15  guideline range in that event would be between 130 and

16  162 months, that's the range?

17          MR. DePORRE:  That's correct.

18          THE COURT:  And I don't mean to say between.  That is

19  the range the government believes would apply if he was

20  convicted on all counts at trial?

21          MR. DePORRE:  Based on our non-binding worksheets,

22  correct.

23          THE COURT:  Okay.  And those worksheets, as you said,

24  back out the acceptance of responsibility?

25          MR. DePORRE:  Yes.

1          THE COURT:  Okay.

2          MR. DePORRE:  Yes.

3          THE COURT:  And how many counts are there in the

4   current indictment that will be tried to the jury?

5          MR. DePORRE:  Three counts, Your Honor.

6          THE COURT:  And are the statutory max on those all

7   ten years?

8          MR. DePORRE:  Yes, I believe so.  I wasn't

9   anticipating that -- that question.  As to Count 2, which

10  charges the defendant with being in possession of a firearm

11  with an obliterated serial number, that, I'm not sure if that's

12  a ten-year.  I am certain that Count 3, distribution of

13  buprenorphine, is a ten-year and Count 1 is a ten-year.  I'm

14  looking back to see if there was an acknowledgement entered in

15  this case that would -- yeah, Count 2 is a five-year statutory

16  max, Your Honor.

17         THE COURT:  Okay.  So at least in theory, the

18  exposure if he was convicted on all counts at trial, if I'm

19  understanding you correctly, would be a maximum of 25 years if

20  I imposed the statutory maximum on all charges and ran them

21  consecutive, is that correct?

22         MR. DePORRE:  Yes, Your Honor, that's correct.

23         THE COURT:  Okay.  All right.  Is there anything else

24  that -- from the government's perspective you want to put on

25  the record before I turn to Mr. Garza?

Final Pretrial Conference • Wednesday, October 26, 2022

1    MR. DePORRE:  No, Your Honor.  Thank you.

2    THE COURT:  Okay.  Mr. Garza, can you pull that

3  microphone closer to you, or maybe Mr. Longstreet, can you pull

4  the one in front of Mr. Garza over to Mr. Garza?

5    MR. LONGSTREET:  Yes.

6    THE COURT:  All right.  Mr. Garza, can you hear me

7  okay, sir?

8    DEFENDANT GARZA:  Yes, sir.

9    THE COURT:  Okay.  Mr. Garza, were you able to hear

10  and understand my discussion with Mr. DePorre just now?

11    DEFENDANT GARZA:  Yes, I was.

12    THE COURT:  Okay.  So let me start with just some

13  basic questions for you.  Do you understand that the government

14  extended a plea offer to you in this case that would call for

15  you to plead guilty to a single count of felon in possession?

16  Do you understand that?

17    DEFENDANT GARZA:  Yes, I do.

18    THE COURT:  And do you understand that under the

19  terms of that offer, the maximum penalty that could be imposed

20  upon you would be ten years, which is the statutory maximum for

21  that one charge?  Do you understand that?

22    DEFENDANT GARZA:  Yes, sir.

23    THE COURT:  And do you understand that the government

24  indicated that under the terms of the offer extended to you,

25  the government believed the guideline range would be 100 to

Final Pretrial Conference • Wednesday, October 26, 2022

1   125 months, and the government would recommend that my sentence

2   not exceed the statutory maximum or ten years.  Do you

3   understand that, sir?

4           DEFENDANT GARZA:  Yes, I do.

5           THE COURT:  All right.  Mr. Garza, did you have a

6   full opportunity to discuss that offer with Mr. Longstreet?

7           DEFENDANT GARZA:  Yes, I did.

8           THE COURT:  Did you have the opportunity to ask him

9   whatever questions were on your mind about that offer?

10          DEFENDANT GARZA:  Yes, I did.

11          THE COURT:  And did you have an opportunity to ask

12  him whatever questions you may have had about the -- the risks

13  and benefits of going to trial?

14          DEFENDANT GARZA:  Yes, I did.

15          THE COURT:  Did he spend enough time answering your

16  questions?

17          DEFENDANT GARZA:  I believe he did.

18          THE COURT:  And were his answers satisfactory to you?

19          DEFENDANT GARZA:  Yes, they were.

20          THE COURT:  All right.  Did you understand his

21  answers?

22          DEFENDANT GARZA:  Yes.

23          THE COURT:  Is there anything else that you would

24  want or need to ask Mr. Longstreet when deciding whether or not

25  to accept the government's offer?

Final Pretrial Conference • Wednesday, October 26, 2022

```
 1              DEFENDANT GARZA:  No, Your Honor.

 2              THE COURT:  All right.  Have you made a final

 3    decision as to whether you would like to accept or reject the

 4    plea offer mentioned by Mr. DePorre?

 5              DEFENDANT GARZA:  Yes, I did.

 6              THE COURT:  And what is that decision?

 7              DEFENDANT GARZA:  I wouldn't like to accept that

 8    offer.

 9              THE COURT:  Okay.  So you would like to reject it, is

10    that correct?

11              DEFENDANT GARZA:  Yes.

12              THE COURT:  Okay.  Now, do you understand, Mr.

13    Garza -- and I'm not at all trying to pressure you to accept

14    it.  I just want to make absolutely sure that you understand

15    that if you go to trial and if you are convicted on all of the

16    charges, the maximum possible sentence could be 25 years in

17    prison, which would be if I imposed the maximum penalty on each

18    of the three offenses of conviction and if I chose to run those

19    consecutive.  Do you understand that?

20              DEFENDANT GARZA:  Yes.

21              THE COURT:  All right.  Do you understand also, Mr.

22    Garza, that the government's position is if you went to trial

23    and were convicted on all of the charges, the government

24    currently believes that the guideline range would call for a

25    custodial sentence between 130 and 162 months in custody.  Do
```

Final Pretrial Conference • Wednesday, October 26, 2022

1    you understand that?

2          DEFENDANT GARZA:  Yes.

3          THE COURT:  Okay.  Now, what I want you to understand

4    is if you are convicted, I'll make my own guidelines

5    calculations, and it could be the same as the government, it

6    could be higher, it could be lower.  Do you understand that?

7          DEFENDANT GARZA:  Yes, I do.

8          THE COURT:  And I also want to make sure that you

9    understand that if you go to trial and are convicted, even if

10   the guideline range is 130 to 162, indeed, no matter what the

11   guideline range is, I would have the authority to go above the

12   guideline range if I felt that was appropriate and impose all

13   the way up to the statutory maximum which would be ten, ten and

14   five years, and I would have the ability to run those

15   consecutive, no matter what the guidelines are.  Do you

16   understand that?

17         DEFENDANT GARZA:  Yes, Your Honor.

18         THE COURT:  Now, I also have the discretion to go

19   below the guidelines if I thought that was appropriate.  Do you

20   understand that?

21         DEFENDANT GARZA:  Yes, I do.

22         THE COURT:  All right.  Have you had enough time to

23   talk to Mr. Longstreet about what a trial would look like and

24   whether you think it's a good idea to go to trial?

25         DEFENDANT GARZA:  Yes, I have.

```
 1              THE COURT:  And again, are you comfortable with his
 2   advice?
 3              DEFENDANT GARZA:  Yes, I am.
 4              THE COURT:  Is there anything that you wished he had
 5   done in this case that he has not done?
 6              DEFENDANT GARZA:  No, I don't.
 7              THE COURT:  All right.  Are you comfortable then
 8   proceeding to trial with Mr. Longstreet as your lawyer?
 9              DEFENDANT GARZA:  Yes, Your Honor.
10              THE COURT:  And are you comfortable proceeding to
11   trial on the understanding that the exposure that you would
12   have is what I identified earlier, again, up to a possible
13   25 years and a possible guideline range, according to the
14   government, of 130 to 162 months?  With that knowledge, do you
15   want to proceed to trial?
16              DEFENDANT GARZA:  Yes, sir.
17              THE COURT:  Okay.  Then we will do that.
18              Mr. DePorre, anything else that you would like me to
19   ask Mr. Garza on this Lafler portion of the proceedings?
20              MR. DePORRE:  No, Your Honor.  I think we have a good
21   record.
22              THE COURT:  All right.  Mr. Longstreet, is there
23   anything you'd like to ask Mr. Garza or anything else you'd
24   like to place on the record for this part of the proceedings?
25              MR. LONGSTREET:  My client does -- well, not at this
```

Final Pretrial Conference • Wednesday, October 26, 2022

14

```
1    time, no.
2         THE COURT:  Okay.  Thank you.  All right.  Then let's
3    move ahead.  I'm going to bounce around and take these things
4    in no particular order.  Mr. Longstreet filed a motion to --
5    motion in limine to preclude the government's witnesses from
6    offering testimony about the meaning of certain slang terms.  I
7    think one of the terms might have been "banger" or "stick" or
8    both of those two.  And in Mr. Longstreet's motion, he
9    understandably expressed his belief that that testimony would
10   be coming from one of the local law enforcement officers who
11   was with the arresting agency, and Mr. Longstreet
12   understandably raised questions about whether that would be
13   admissible as lay evidence under Rule 701 and understandably
14   raised a question as to whether those officers would qualify as
15   expert witnesses.
16        In response, Mr. DePorre indicated that the
17   government, instead of calling one of the local law enforcement
18   officers, would propose to call ATF Special Agent Dustin Hurt,
19   and the government takes the position that Agent Hurt is
20   qualified as an expert to offer opinion testimony concerning
21   what those terms mean.
22        And Mr. Longstreet, I'd ask first for your thoughts
23   on the government's proposal here.
24        MR. LONGSTREET:  I believe the same principles would
25   apply --
```

1    THE COURT REPORTER:  Excuse me.  You can back up a
2    little bit please.
3    MR. LONGSTREET:  Oh, very good.
4    I believe that the principles spelled out in our
5    brief would also apply to Agent Hunt [sic] as well.  He's not
6    testifying to any particular scientific method and/or any type
7    of experience or training that would suggest that he's a expert
8    in slang or type of slang language or some type of specialized
9    language decoding that would allow him to testify to what
10   street language or slang terms would actually mean.
11   THE COURT:  What about this, Mr. Longstreet.  And
12   I'm -- I've asked -- I'm going to come next to you for this,
13   Mr. DePorre.  It seems to me this is a difficult, if not
14   impossible, issue to decide in the abstract.  And so what I
15   wanted to suggest was a short voir dire of this witness outside
16   the presence of the jury to see if Mr. DePorre can lay a
17   foundation to establish him as sufficiently qualified to offer
18   this opinion testimony.  That way, instead of us having this
19   discussion in the abstract, the witness, through questioning
20   from Mr. DePorre, can explain his experience and his training,
21   you would have an opportunity, Mr. Longstreet, to cross-examine
22   the witness, and then with some very specific testimony in
23   front of me, I could then make a decision as to whether he is
24   qualified to offer the opinion and whether the opinion is
25   sufficiently reliable to be admitted under 702.  Do you have

Final Pretrial Conference • Wednesday, October 26, 2022

```
1    any problem proceeding in that sort of a fashion?

2            MR. LONGSTREET:  I guess ultimately the issue is that

3    the witness will be called to the stand, he will be presented

4    to the jury as a witness and a agent from the ATF, and then if

5    the Court is to rule that he is not -- doesn't have the

6    expertise to testify to that specific issue, then it will be a

7    needless presentation of evidence because that officer wouldn't

8    be necessary.

9            THE COURT:  No, I'm sorry, maybe I didn't make myself

10   clear.  What I'm talking about is a voir dire of this witness

11   outside the presence of the jury, so it's just us.  Frankly, it

12   could happen if we could squeeze it in on the afternoon of voir

13   dire, you know, pick the jury, they go home, and then we make

14   our own record.  If I conclude that he is qualified and is

15   reliable, then and only then would he appear for the jury and

16   offer this testimony.

17           MR. LONGSTREET:  I'm good with that.

18           THE COURT:  Mr. DePorre?

19           MR. DePORRE:  I am as well, Your Honor.

20           THE COURT:  Okay.  All right.  So that is how we will

21   do it.

22           Mr. DePorre, can you ask Agent Hurt to be available?

23   Is he in the Detroit office or in the Flint office.

24           MR. DePORRE:  He's in the Flint office, Your Honor,

25   and I asked him to be available today.  He had another court
```

1    appearance up in Bay City today, so that's why he's not here.

2    I can ask him to be available on the 10th.  I don't know what

3    his schedule is that day.  If -- if for some reason he can't, I

4    will notify the case manager, but otherwise I anticipate that

5    he would be available.

6            THE COURT:  Okay.  Can we move heaven and earth to

7    have him available?  I mean here's the things that seems to me

8    would be an excuse for him not being available.  If he has to

9    be in the courtroom of one of my colleagues, certainly that

10   takes precedence, if he's got prescheduled grand jury testimony

11   or a prepaid vacation or something, but other than that, if

12   there's anything else that he could conceivably move because

13   we're on a very tight time schedule here, I think we need to

14   try to squeeze him in.

15           MR. DePORRE:  Right, I -- I agree and I will make my

16   best efforts.

17           THE COURT:  Okay.  So when I hear that testimony, I

18   just want to make clear for the record, I will be considering

19   against the backdrop of some of the law cited by the parties.

20   Mr. DePorre cited cases in his papers, a case called *United*

21   *States vs. Williams*, 2006 Westlaw 899145, *United States vs.*

22   *Cox*, 544 Federal Appendix 908, and an acknowledgement by the

23   Sixth Circuit in *United States vs. Kilpatrick*, 798 F.3d 365,

24   that expert testimony on these matters is something that has

25   been allowed, provided the expert is appropriately qualified.

Final Pretrial Conference • Wednesday, October 26, 2022

1  And the Sixth Circuit cited to a decision of the Eighth Circuit

2  in a case called *United States vs. Peoples*, 250 Fed. 3d 630.

3         So I'll be applying the framework as it's kind of

4  laid out in those cases to decide whether to admit or exclude

5  this testimony.  And to the extent either of you has other

6  authorities you want me to consider, please try to submit them

7  in advance of that first day of trial so I can read the cases

8  in advance.

9         But that's where I'm at on this.  So basically I'm

10  going to take this motion under advisement and we'll have this

11  voir dire testimony outside the presence of the jury.  By voir

12  dire, I mean voir dire the witness, not the jurors.

13         MR. DePORRE:  We'll have two voir dires.

14         THE COURT:  Right.  Okay.  So that's the first

15  matter.

16         Now let me turn to logistics with respect to the

17  trial.  My plan here will be to put together a jury of 14

18  members.  Obviously only 12 will deliberate.  But in this day

19  of COVID, even though it's going to be a short trial, I want to

20  make sure that we have alternates.  Any problem with that, Mr.

21  DePorre?

22         MR. DePORRE:  No.

23         THE COURT:  Mr. Longstreet?

24         MR. LONGSTREET:  None.

25         THE COURT:  Okay.  Then what I'd like to do is it's

Final Pretrial Conference • Wednesday, October 26, 2022

```
1   arguable that the federal rules on jury selection have you
2   selecting the 12 members of the panel and the alternates
3   separately.  What I prefer to do is to seat them all together
4   and have everybody exercise all of their peremptories against
5   the whole 14.  I'll give each side the additional peremptory to
6   account for the alternates, but I'd like to do it in one single
7   exercise.  Is that okay with you, Mr. DePorre?
8              MR. DePORRE:  It is.
9              THE COURT:  Mr. Longstreet?
10             MR. LONGSTREET:  Works for the defense.
11             THE COURT:  Okay.  Then what I'd like to do with
12  respect to the alternates is at the close of the case after the
13  closing arguments and just before the jury retires to
14  deliberate is have Holly pick two numbered poker chips, blind
15  draw them out of a bag.  We have poker chips numbered 1 to 14
16  that correspond to the jury seats, it's in a bag that is opaque
17  that you can't see through, and Holly sticks her hands in and
18  pulls out two poker chips.  Those -- the number on the chip
19  corresponds to the seat of the juror who will be designated as
20  the alternate and we'll pick two.  Are you okay with that, Mr.
21  DePorre?
22             MR. DePORRE:  I am.
23             THE COURT:  Mr. Longstreet?
24             MR. LONGSTREET:  Yes.
25             THE COURT:  Okay.  With respect to exercising all
```

```
 1    challenges, both for cause and the peremptories, I'd like to do
 2    that at sidebar.  You'll get the feel, the rhythm once we get
 3    going, but the way I do voir dire is I will ask many questions
 4    myself.  We give the jurors a form with 10 or 11 or 12
 5    background questions that they all introduce themselves to us.
 6    Then I'll ask some followup voir dire.  Then I'll open it up to
 7    you guys to ask voir dire.  I'm -- I'm relatively loose on
 8    allowing voir dire in a criminal case 'cuz the stakes are so
 9    high.  I don't want anybody arguing their case in voir dire,
10    but I'll certainly give latitude to ask what I think are
11    important followup questions to probe into some of their
12    beliefs.
13           If you guys have voir dire questions that you want me
14    to ask of the panel as a whole, please submit them so I can see
15    them and incorporate them into my list of voir dire questions.
16    Please do that by the end of next week if you have voir dire
17    questions that you want me to ask.
18           With respect to jury instructions, I'd ask that you
19    guys get together.  Mr. DePorre, do you mind taking the first
20    crack at assembling a complete set of final instructions?  You
21    know, that means from the very first final instruction that
22    says, ladies and gentlemen, the evidence is now in or whatever
23    up through the end with all the substantive instructions, and
24    would you share that with Mr. Longstreet so that he can
25    determine if he has any objections, and will you do that before
```

Final Pretrial Conference • Wednesday, October 26, 2022

1    we have our voir dire session?

2           MR. DePORRE:  Certainly, Your Honor.

3           THE COURT:  So Mr. Longstreet, I've asked Mr. DePorre

4    to take the first crack at putting together a set of jury

5    instructions, and I've asked him to get that to you in time so

6    that you and he can consult and see if there are any objections

7    so that you guys can let me know the day we convene for voir

8    dire whether we have an agreed set of instructions or whether

9    we need to hear argument, okay?

10          MR. LONGSTREET:  Okay.

11          THE COURT:  All right.  Mr. DePorre, have you shared

12   a witness list and an exhibit list with Mr. Longstreet?

13          MR. DePORRE:  I have, Your Honor.

14          THE COURT:  Okay.  And Mr. Longstreet, do you have

15   any exhibit list or witness list for Mr. DePorre?

16          MR. LONGSTREET:  Not yet.

17          THE COURT:  Do you have a sense as to when you can

18   share that with him?

19          MR. LONGSTREET:  By the end of the week.

20          THE COURT:  Okay.  Is that good for you, Mr. DePorre?

21          MR. DePORRE:  It is.

22          THE COURT:  Okay.  All right.  With respect to the

23   exhibits, I'd ask you guys to look at each other's exhibits and

24   let me know before the trial starts on that voir dire day are

25   there any objections to exhibits so we can take that up

1   efficiently, you know, maybe at the same time we do the

2   questions for the ATF witness so we can try to resolve

3   objections beforehand, so please look at each other's exhibits.

4           With respect to the length of the trial, Mr. DePorre,

5   do you have a sense as to how long your case may take?

6           MR. DePORRE:  Your Honor, I don't believe my case

7   will -- I think it will take about one day.

8           THE COURT:  All right.  Holly, are we going full days

9   on this one can you remind them?

10          THE CLERK:  I think I have them booked out for the

11  whole day.

12          THE COURT:  And --

13          THE CLERK:  Three days --

14          THE COURT:  Okay.

15          THE CLERK:  -- is what I have.

16          THE COURT:  So Mr. DePorre, your -- your guess --

17  obviously you -- you don't know how long Mr. Longstreet's going

18  to take with cross, but your sense is about a day for you?

19          MR. DePORRE:  Yes, Your Honor.  My witness list has

20  six witnesses.  There's one that I think it's unlikely that I

21  would call, and then Dustin Hurt is -- the special agent from

22  the ATF is on there as well, but -- but I think one day, even

23  calculating what I would anticipate Mr. Longstreet's cross-exam

24  to last for, I think one full day would -- would be sufficient.

25          THE COURT:  All right.  Mr. Longstreet, obviously you

Final Pretrial Conference • Wednesday, October 26, 2022

23

```
 1   don't know yet whether you're going to present a case, but do
 2   you have any sort of a ballpark, if you were to present one,
 3   how long it might take?  You can stay seated if you're more
 4   comfortable.
 5            MR. LONGSTREET:  Half a day maybe.
 6            THE COURT:  Okay.  Then I think we've got plenty of
 7   time for -- to get our case before the jury here.
 8            Again, bouncing around, Mr. Longstreet, will you work
 9   with Mr. Garza and his family to make sure that street clothes
10   are delivered to him or delivered to our marshal's office?
11   However that works, will you work with Mr. DePorre to figure
12   that out so that on the morning of voir dire and every morning
13   thereafter he's got street clothes for trial?
14            MR. LONGSTREET:  Yes.
15            THE COURT:  Okay.  With respect to sequestering
16   witnesses, Mr. DePorre, I've got no issue with you having your
17   case agent at the table, but other than that, I'd ask that all
18   of the other witnesses be sequestered please.
19            MR. DePORRE:  Thank you, Your Honor.
20            THE COURT:  With respect to witness timing and
21   availability, one of the things that I'm very concerned about
22   is making sure that we are making the most efficient use of the
23   jury's time.  So Mr. DePorre, would you please ensure that when
24   we're on your side of the case, that your next witness is
25   available and ready to go when we finish?  And Mr. Longstreet,
```

1    likewise for you, if we get to a point where you're presenting

2    a case and you've got multiple witnesses, would you have the --

3    the on-deck witness ready to go please?

4            MR. LONGSTREET:  Yes.

5            THE COURT:  Okay.  It's also very important to me

6    that we start on time.  Again, to make the most efficient use

7    of the jury, we'll start -- I like to open court at 9:00, so

8    I'd ask you guys to be here not later than 8:45 to give us just

9    a little wiggle room.  Sometimes the lines to get in here can

10   be long so please account for that.

11           Mr. Longstreet, I don't know if you know yet, but do

12   you plan on giving an opening statement or reserving an opening

13   statement or will that be a game-time decision?

14           MR. LONGSTREET:  I plan to give an opening statement.

15           THE COURT:  Okay.  Then I'll tell the -- so the

16   reason I ask is when I'm giving the jurors the preliminary

17   instructions, one of the things I tell them is the order of

18   proceedings, and so I'll say the government will start with its

19   opening, then Mr. Longstreet will give his opening.  You're

20   okay with me saying that?

21           MR. LONGSTREET:  Yes.

22           THE COURT:  I don't know if anybody needs any IT or

23   technical stuff, but if you do, make sure you speak to Holly

24   well in advance so that if we need to coordinate with our IT

25   staff, we can get that done.

Final Pretrial Conference • Wednesday, October 26, 2022

1        And I think that is everything on my list.  Mr.

2    DePorre, I'd be pleased to hear from you if there's anything

3    from the government's perspective that you'd like to chat

4    about.

5        MR. DePORRE:  Your Honor, just a couple matters

6    briefly.  Are there any COVID protocols with respect to the

7    jurors or with respect to witnesses and -- and litigants or

8    parties?

9        THE COURT:  Thank you for asking that.  The -- the

10   current administrative order requires the jurors to wear masks.

11   The order is optional for everybody else, and I'm not going to

12   require anybody else to wear a mask, certainly not the

13   witnesses, but whether you guys choose to wear masks or not is

14   a hundred percent up to you.

15       MR. DePORRE:  Thank you, Your Honor.

16       The parties have also discussed stipulations, and we

17   anticipate stipulating -- entering stipulations regarding the

18   defendant's prior conviction, the nexus of the firearm, and

19   the -- the fact that the controlled substance was, in fact, a

20   controlled substance.

21       THE COURT:  All right.  Thank you for letting me

22   know.  Would you, Mr. DePorre, prepare written stipulations to

23   that effect with the signature line for you, Mr. Longstreet and

24   Mr. Garza, and then have those ready to go at trial, and either

25   at the beginning or the close of your case I'll read them in or

1    you can read them in, you can read them in as part of your

2    case.

3              MR. DePORRE:  I have done so and they're with defense

4    counsel now.

5              THE COURT:  Okay.

6              MR. DePORRE:  Your Honor, those are the only -- I had

7    one question about the numbers or -- or the peremptory

8    challenges, and I assume that those will be the standard

9    numbers --

10             THE COURT:  Yes.

11             MR. DePORRE:  -- set forth --

12             THE COURT:  I think isn't it, with no alternates,

13   it's -- I've got to tell you, with COVID it's been a while, but

14   isn't it ten for the defense, seven for the government when the

15   panel is 12, and -- and then I bump it up to 11 and eight, does

16   that sound right?

17             MR. DePORRE:  It does.  But if -- I'm fine to go with

18   whatever the rules say, if that's what the Court intends to

19   use.

20             THE COURT:  Let me double-check the rule here.

21             (Brief pause)

22             Oh.  So the -- the rule is Rule 24.  I was wrong.

23   Says in a non-capital case the government has six and the

24   defendant has ten, and when you add alternates you add

25   challenges.  If you have one or two alternates, one additional

Final Pretrial Conference • Wednesday, October 26, 2022

1   peremptory challenge per side is admitted, is allowed.  So by

2   my math, it would be 11 peremptories for Mr. Longstreet and

3   seven for Mr. DePorre.  That's in Rule 24(b) if you want to

4   take a look at that yourself and correct me, but we're at 11

5   and seven.

6           MR. DePORRE:  Thank you.  And then when we exercise

7   those, is there a requirement that we can't skip?  For

8   instance, if we --

9           THE COURT:  No, there's no -- so I know some of my

10  colleagues have policies that if you haven't exercised a

11  peremptory against a certain panel, then you can't exercise it.

12  My view is no restrictions on the order that you exercise

13  peremptories.  What I do is I call you guys up to sidebar, I

14  give the defense the opportunity to exercise two at a time, the

15  government one at a time.  I don't care if the defense

16  exercises none and the government exercises one and we come up

17  next round, the defense can exercise two.  I'm very flexible

18  about the order.  There's no rigid limits that I'm going to

19  impose there on either side.  So for instance, again, just as

20  an example, if we come up and the defense exercises two and

21  you've exercised none in that round, the next round, as far as

22  I'm concerned, wide open, you can exercise against anybody on

23  the panel.

24          MR. DePORRE:  And then if during a round the defense

25  exercises none and the government exercises none, then we have

1    a jury?

2            THE COURT:  Yes, right.

3            MR. DePORRE:  Okay.

4            THE COURT:  Yes.  Anything else, Mr. DePorre?

5            MR. DePORRE:  Do we alternate, like, does the defense

6    go always first and then the government, or do we --

7            THE COURT:  Yeah.  When I call them up, I say who

8    does the defense want to strike and then I ask the government.

9            MR. DePORRE:  Okay.

10           THE COURT:  Mr. Longstreet, anything you'd like to

11   chat about?

12           MR. LONGSTREET:  Yes, I just want to get some

13   clarification on jury selection.  So if I decide not to use a

14   peremptory and the government behind me does not choose a

15   peremptory, we still have peremptories left, does it simply

16   mean we have a jury because we're satisfied 'cuz we didn't...

17           THE COURT:  Yes.  So if we come up and both sides say

18   no challenges, there's nothing else to do and we've got a jury.

19   Of course, if you have challenges left, you're free to exercise

20   them, but at some point both sides decide no more challenges,

21   that's -- that's a jury.

22           MR. LONGSTREET:  Okay.  Very good.

23           THE COURT:  Anything else on your agenda to chat

24   about today, Mr. Longstreet?

25           MR. LONGSTREET:  No, sir.

Final Pretrial Conference • Wednesday, October 26, 2022

29

| | |
|---|---|
| 1 | THE COURT:  Okay.  Well, thank you both for your time |
| 2 | today.  I look forward to a well-tried case.  And again, our |
| 3 | plan will be to convene -- what's the date we're convening, |
| 4 | Holly? |
| 5 | THE CLERK:  November 10th. |
| 6 | THE COURT:  November what? |
| 7 | THE CLERK:  Ten. |
| 8 | THE COURT:  All right.  So November 10 we'll be |
| 9 | picking a jury, and then we'll excuse the jurors, they'll go |
| 10 | home on the 10th.  The opening statements don't start until the |
| 11 | following week.  And then on the 10th, once we have our jury, |
| 12 | we will have this separate out-of-the-jury hearing on the |
| 13 | question of whether this ATF Agent Hurt will be permitted to |
| 14 | offer opinion testimony, okay? |
| 15 | MR. DePORRE:  Very good.  Thank you. |
| 16 | THE COURT:  Thank you both very much.  See you. |
| 17 | THE CLERK:  All rise.  Court is in recess. |
| 18 | (Court in recess at 2:42 p.m.) |
| 19 | —  —  — |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

1          C E R T I F I C A T I O N

2          I, Linda M. Cavanagh, Official Court Reporter of the

3    United States District Court, Eastern District of Michigan,

4    appointed pursuant to the provisions of Title 28, United States

5    Code, Section 753, do hereby certify that the foregoing pages 1

6    through 29 comprise a full, true and correct transcript of the

7    proceedings held in the matter of United States of America vs.

8    Noe Garza, Case No. 21-20405, on Wednesday, October 26, 2022.

9

10                    s/Linda M. Cavanagh
                      Linda M. Cavanagh, RPR, CRR, RMR, CRC, RDR
11                    Federal Official Court Reporter
                      United States District Court
12                    Eastern District of Michigan

13

14

15

16
     Date: June 19, 2023
17   Detroit, Michigan

18

19

20

21

22

23

24

25